UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEYHAN MOHANNA,<br><br>    Plaintiff,<br><br>v.<br><br>CARRIGTON MORTGAGE SERVICES LLC, et al.,<br><br>    Defendants. | Case No. 18-cv-02563-WHO<br><br>**ORDER DENYING MOTION FOR A TEMPORARY RESTRAINING ORDER**<br><br>Re: Dkt. No. 5 |

On May 1, 2018, plaintiff Keyhan Mohanna, individually and as the trustee of the Keyhan Mohanna Revocable Trust Dated July 8, 2003, filed this suit against defendants Carrington Mortgage Services, LLC and Christiana Trust, who have allegedly attempted to collect debts and foreclose on a Deed of Trust (DOT) secured by plaintiff's condominium (Property) without authority.[1] Mohanna asserts causes of action for violations of: (i) the California Rosenthal Fair Debt Collection Practices Act; (ii) the Federal Fair Debt Collection Practices Act (FDCPA); (iii) California Civil Code section 2924.17 (Homeowners Bill of Rights, HBOR); (iv) intentional infliction of emotional distress (IIED); and (v) violation of California's Unfair Business Practices Act, Cal. Bus. & Prof. Code section 17200 (UCL). Defendant Carrington is alleged to be a mortgage servicer and Cristiana Trust is alleged to be a trustee for a trust, presumably that holds the ultimate interest in the Deed of Trust on Mohanna's Property. Complaint 4-5.

The basis of each of Mohanna's claims is that the defendants do not have authority to collect on his mortgage debt or foreclose because Mohanna contests the "contents and truthfulness" of Assignments of Deeds of Trust (ADOTs) that were recorded between 2011 and

---

[1] The specific Property at issue is 1405 Greenwich Street, Unit #5, San Francisco, California.

2016 that purported to transfer rights to the debt between different entities. Complaint 9-11, 19. The most recent ADOT identified by plaintiff is an August 5, 2016 ADOT, transferring the interest under the DOT to defendant Cristiana Trust. Complaint 10. On August 13, 2015, a Notice of Default (NOD) was recorded against the Property. Plaintiff alleges the NOD "falsely represents that Defendants have the legal right and authority to proceed with" foreclosure. *Id*. 10-11. Plaintiff alleges that on April 10, 2018, defendants recorded a Notice of Trustee's Sale (NOTS). Plaintiff admits that he has not paid or arranged to make his mortgage debt current, but argues that defendants could not issue the NOD or NOTS because they did not have the "legal right to do so." Complaint 11, 12, 14. He also alleges that defendants have misrepresented the status of his debt and the amount of fees owed, assessed illegal fees and charges, and reported false information to credit bureaus. *Id*. 16-18. Defendants violated California's HBOR, according to plaintiff, by issuing the inaccurate NOD and NOTS without legal authority to do so. Complaint 20-21. The IIED and UCL claims are based on the same alleged conduct.[2]

On May 3, 2018, Mohanna filed an application for a Temporary Restraining Order (TRO), seeking to stop a trustee's sale of his Property that is set for Wednesday May 9, 2018 at 2:00 p.m. The NOTS was recorded on April 10, 2018. Mohanna asserts that he waited to file this Complaint and TRO because he was hoping he would be able to convince defendants to stop the foreclosure sale without judicial intervention. However, he does not identify what, if any, steps he took in that regard. TRO at 7.

---

[2] This is at least the fifth case Mohanna has filed in this Court against financial institutions that claimed interests in mortgages, mortgage payments, or deeds of trust on units in the same condominium complex that were or are owned by Mohanna and/or his trust. In *HSBC Bank USA NA v. Keyhan Mohanna*, Case. No. 15-cv-2130, Mohanna removed to this Court a case brought by HSBC in state court in order to rescind a mistaken reconveyance and reinstate the Deed of Trust on Mohanna's Unit #3 in the complex. I remanded that case to state court on August 13, 2015. *Id*., Dkt. No. 38. In 2016, Mohanna filed three actions against two institutions regarding mortgages on other units in the complex; *Mohanna v. Bank of America, N.A*., Case No. 16-1033, *Mohanna v. Wells Fargo Bank, N.A*., Case No. 16-1035, and *Mohanna v. Wells Fargo Bank N.A*., Case. No. 16-1036. In the three 2016 cases plaintiff sought rescission of his mortgages under the Federal Truth in Lending Act (TILA). In the two actions against Wells Fargo, Mohanna sought TROs to enjoin an impending trustee's sale on one unit and an unlawful detainer on the other, on the basis that Wells Fargo never acquired ownership of his debts and because Mohanna had rescinded the loans under TILA. *See* Case No. 16-1033 Dkt. No. 12 at 3. The TROs were denied and the three cases were eventually dismissed for failure to prosecute.

On the merits, the TRO rests on one claim – defendants should not be allowed to foreclose on his Property because they lack the legal authority to do so, presumably because of some unspecified fault or problem with the ADOTs. The only statutory authority identified by plaintiff that specifically authorizes an injunction to stop a non-judicial foreclosure is California's HBOR, Cal. Civil Code § 2924.17. TRO at 11. That section provides that a declaration recorded in connection with a "notice of default, notice of sale, assignment of a deed of trust, or substitution of trustee recorded by or on behalf of a mortgage servicer in connection with a foreclosure" "shall be accurate and complete and supported by competent and reliable evidence." Cal. Civil Code § 2924.17(a). In addition, that section requires that "a mortgage servicer shall ensure that it has reviewed competent and reliable evidence to substantiate the borrower's default and the right to foreclose, including the borrower's loan status and loan information." *Id*., § 2924.17(b).[3] Plaintiff then asserts that "Defendants have failed to do so," but does not state any **facts** showing how defendants have failed to comply with section 2924.17's requirements. TRO at 12.

Looking to his allegations in the Complaint, it appears plaintiff's theory is that the ADOTs that ultimately transferred the interest in the DOT on his Property to defendant Cristiana Trust were not complete and truthful. But, as in the TRO papers, plaintiff's Complaint provides **no facts or reasons** showing why the ADOTs are untruthful or otherwise invalid. He simply asserts they are and as such asserts that defendants lack authority to collect on his debt or foreclose on his Property.

Reviewing both the Complaint and the TRO, there are **no facts** alleged concerning how the ADOTS were defective or why defendants lack legal authority to foreclose on his Property.[4]

---

[3] In his TRO papers, plaintiff argues that both defendants are debt collectors under the federal FDCPA and the California RFDCPA but does not identify *how* those defendants violated those statutes, other than his allegation that they lack "authority" to collect on his mortgage debt. Nor does plaintiff identify any provision in those statutes giving me authority to enjoin a trustee's sale to prevent or remedy any violation.

[4] Attached to the Complaint is a declaration prepared for a Superior Court case between 3H Renovation Services and BSI Financial Services regarding the Property. It is unclear why this declaration was included as an exhibit to the Complaint in this case, but it does not relate in any way to the allegations against the two defendants in this case. There is also an unsigned Property Securitization Analysis Report attached as an exhibit to the Complaint. But neither the Complaint nor the TRO make any claims based on the alleged securitization of the mortgage debt.

Because no facts are alleged, plaintiff has wholly failed to show he has any chance of success, much less that he is likely to succeed on the merits of his claims. Nor has he shown that there are serious questions going to the merits of his claims to justify extraordinary injunctive relief.[5]

Plaintiff's motion for a TRO, therefore, is DENIED.

**IT IS SO ORDERED.**

Dated: May 7, 2018



William H. Orrick
United States District Judge

---

[5] A TRO is an "extraordinary remedy" that is "never granted as of right." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). A request for a temporary restraining is evaluated by the same factors that generally apply to a preliminary injunction. *See Stuhlbarg Int'l. Sales Co. v. John D. Brushy & Co.*, 240 F.3d 832, 839 n. 7 (9th Cir. 2001). Under that standard, a plaintiff must "establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter*, 555 U.S. at 21-22; *see also Disney Enterprises, Inc. v. VidAngel, Inc.*, 869 F.3d 848, 856 (9th Cir. 2017) (a preliminary injunction may be appropriate if a movant raises "serious questions going to the merits" and the "balance of hardships" tips sharply in their favor).