UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEYHAN MOHANNA,<br><br>    Plaintiff,<br><br>    v.<br><br>CARRINGTON MORTGAGE SERVICES LLC, et al.,<br><br>    Defendants. | Case No. 18-cv-02563-WHO<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 15 |

Defendants move to dismiss plaintiff Keyhan Mohanna's First Amended Complaint. The hearing on defendants' motion, set for August 8, 2017, is VACATED. Civ. L.R. 7-1(b). For the reasons discussed below, the motion is GRANTED, but Mohanna is given leave to amend with respect to most of his claims. If Mohanna is able to and intends to amend to attempt to state a claim, his Second Amended Complaint must be filed by **August 27, 2018**.

## BACKGROUND

On May 1, 2018, plaintiff Keyhan Mohanna, individually and as the trustee of the Keyhan Mohanna Revocable Trust Dated July 8, 2003, filed this suit against defendants Carrington Mortgage Services, LLC (CMS) and Christiana Trust, who have allegedly attempted to collect debts and foreclose on a Deed of Trust (DOT) secured by plaintiff's condominium (Property) without authority.[1] Mohanna asserted causes of action for violations of: (i) the California Rosenthal Fair Debt Collection Practices Act (RFDCPA); (ii) the Federal Fair Debt Collection Practices Act (FDCPA); (iii) California Civil Code section 2924.17 (Homeowners Bill of Rights,

---

[1] The specific Property at issue is a condominium unit located at 1405 Greenwich Street, Unit #5, San Francisco, California.

HBOR); (iv) intentional infliction of emotional distress (IIED); and (v) violation of California's Unfair Business Practices Act, Cal. Bus. & Prof. Code § 17200 (UCL). Defendant Carrington is alleged to be a mortgage servicer, and Christiana Trust is alleged to be a trustee for a trust that asserts a right to the ultimate interest in the Deed of Trust on Mohanna's Property. Complaint 4-5.

Mohanna alleges that CMS and Christiana Trust are attempting to collect on the "consumer" loan he originally took from Countrywide Bank for personal and familial reasons that was secured by his Property. FAC at 4-7. He also asserts that his loan went into "default" status in the "Spring of 2009" and the "debt obligation is currently contractually due" for his May 1, 2009 payment (and presumably payments due after that date). *Id*. at 8. He contends that an October 18, 2011 Assignment of his Deed of Trust (ADOT) transferred the beneficial interest in his DOT to the Bank of America, but his loan was already in default at that point. *Id*. He disputes the "contents and truthfulness" of this ADOT, as well as: (i) a February 19, 2014 ADOT transferring the interest to Ocwen Loan Servicing; (ii) a February 26, 2014 ADOT transferring the interest to defendant Christiana Trust; and (iii) an April 7, 2014 ADOT again transferring the interest to Christiana Trust. FAC at 8-9.[2]

On August 13, 2015 a Notice of Default (NOD) was recorded against Mohanna's Property. *Id*. at 9. He asserts the NOD falsely represents that defendants have the legal right to proceed with a foreclosure on the Property. On September 15, 2015, he alleges that an additional ADOT was recorded, again transferring the beneficial interest in his DOT to Christiana Trust. *Id*. at 10. He disputes the contents and truthfulness of this ADOT as well. *Id*. On January 4, 2016, defendant CMS informed him that it was the new mortgage servicer on his debt obligation. Id. On August 5, 2016, another ADOT (which he again disputes the contents and truthfulness of) was executed, transferring the beneficial interest in the DOT again to Christiana Trust. *Id*. On April 10, 2018, defendants caused a Notice of Trustee's Sale (NOTS) to be recorded against the Property.

The basis of each of Mohanna's claims is that the defendants do not have authority to

---

[2] Defendants' Request for Judicial Notice (Dkt. No. 16) asks me to take Judicial Notice of an ADOT for the Property, dated February 26, 2014 and recorded April 18, 2014 assigning all beneficial interests in the DOT on the Property to the Christiana Trust. RJN, Ex. 2. Mohanna objects to this RJN, as discussed below, the RJN is GRANTED.

collect on his mortgage debt or foreclose because he disputes the "contents and truthfulness" of the ADOTs that were recorded between 2011 and 2016 that purported to transfer rights to the DOT between different entities. Complaint 9-11, 19.

Mohanna moved for a TRO, seeking to stop defendants from carrying out a non-judicial foreclosure. On May 7, 2018, I denied the motion for a TRO, explaining that he could not enjoin defendants' foreclosure based on the cursory allegation that defendants "lacked authority" to do so. May 7 Order, Dkt. No. 10. I noted that the Complaint included no facts explaining how defendants' lacked authority to foreclose or why the Notice of Default (NOD) or the various ADOTs were "untruthful" or otherwise invalid. *Id.*

Mohanna then sought leave to file a motion for reconsideration, which I denied on May 14, 2018. I explained that his allegations that defendants were debt collectors under the FDCPA and RFDCPA and violated those statutes might be true, but his allegations could not prevent a foreclosure given the lack of facts showing that defendants did not have authority to foreclose. May 14, 2018 Order, Dkt. No. 14.

On May 16, 2018, defendants CMS and Christiana Trust moved to dismiss. On June 6, 2018, Mohanna filed a First Amended Complaint (FAC), reasserting the identical causes of action against defendants. Dkt. No. 20. On June 21, 2018, I issued an order explaining that because Mohanna had not changed the substance of his allegations or claims in his FAC, I would construe defendants' then-pending motion to dismiss as being brought against the FAC and ordered Mohanna to oppose that motion. Dkt. No. 22. He filed his Opposition on July 3, 2018, and defendants filed their reply on July 11, 2018.

In support of their motion to dismiss, defendants request that I take judicial notice of various public records that have been recorded by the City and County of San Francisco with respect to the Property. Those documents include: (i) the DOT on the Property; (ii) an ADOT recorded April 2014 transferring the benefit of the DOT to Christiana Trust; (iii) a March 2017 mechanic's lien assessed against the Property; (iv) a May 2017 assignment of the lien claim; (v) a May 2017 deed in lieu of foreclosure; (vi) a July 2017 grant deed; (vii) a Notice of Default recorded in December 2017; (viii) a grant deed recorded in February 2018. Mohanna objects to

3

my taking judicial notice of these documents as he "disputes" their contents. Oppo.to RJN (Dkt. No. 25). Defendants respond that they do not want me to take notice of the truthfulness of the contents of the documents, but only their legal effect (*e.g.*, establishing that plaintiff has no legal right to the Property).

The RJN is GRANTED. While plaintiff may retain some unspecified dispute as to the "contents" of some of these public records, they are public records whose authenticity is capable of accurate and ready determination by sources whose accuracy cannot reasonably be questioned and, therefore, are appropriate for judicial notice. *See Wolf v. Wells Fargo Bank, N.A.*, No. C 11-01337 WHA, 2011 WL 4831208, at *2 (N.D. Cal. Oct. 12, 2011); *see also Galvez v. Wells Fargo Bank, N.A.*, 17-CV-06003-JSC, 2018 WL 2761917, at *1 (N.D. Cal. June 7, 2018) ("Courts in this District regularly take judicial notice of publicly recorded documents related to real property, including deeds of trust, assignments and substitutions thereto, trustee's deeds upon sale, rescissions of notices of default, and elections to sell under a deed of trust.").

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when the plaintiff pleads facts that "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). There must be "more than a sheer possibility that a defendant has acted unlawfully." *Id*. While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 570.

In deciding whether the plaintiff has stated a claim upon which relief can be granted, the court accepts the plaintiff's allegations as true and draws all reasonable inferences in favor of the plaintiff. *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir.

4

2008).

If the court dismisses the complaint, it "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). In making this determination, the court should consider factors such as "the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of the proposed amendment." *Moore v. Kayport Package Express*, 885 F.2d 531, 538 (9th Cir.1989).

**DISCUSSION**

**I.     ALLEGED VIOLATIONS OF THE FDCPA & RFDCPA**

In the FAC, Mohanna alleges that defendants CMS and Christiana Trust are "debt collectors" under both the FDCPA and RFDCPA. As debt collectors, he asserts, defendants have violated numerous FDCPA sections[3] by: (i) misrepresenting the status of the debt; (ii) attempting to collect illegal fees and costs not authorized by law or the debt instrument; (iii) misrepresenting the amounts owed for escrow; (iv) mismanaging the escrow account; (v) refusing to correct accounting errors; (vi) declaring the loan in default; (vii) threatening to proceed with foreclosure and recording false documents in aid of that foreclosure; (vii) assessing improper fees in dunning letters, acceleration notices, reinstatement letters, and payoff letters. FAC at 14-18, 20.

Mohanna contends that defendants violated sections 692(e)(5), f(6), 1692i, and § 1788.13(j) of the FDCPA by attempting a non-judicial foreclosure without the authority to do so. FAC at 11, 17-18, 20. Similarly, he alleges that defendant CMS is attempting to collect on his consumer debt on behalf of Christiana Trust "without a valid assignment" in violation of California Civil Code section 1788.13(l), prohibiting false, deceptive or misleading acts to collect a debt. FAC at 14. He also asserts that defendants violated section 1692e(8) of the FDCPA by reporting false information to third parties when they reported his loan as delinquent to credit bureaus. FAC at 16.

---

[3] Specifically, Mohanna alleges that defendants violated the following section: 15 U.S.C. §§ 1692(b), (c), (d), e(2), e(5), e(6), e(10), e(12), e(13), f, f(1), f(6), g, i, j(a), j(b).

5

Mohanna's claims against defendants hinge on his contention that under the FDCPA and RFDCPA only "creditors" may collect a debt, attempt to collect a debt, or carry out a foreclosure. He alleges that neither CMS or Christiana Trust are "creditors" but instead are "debt collectors" and because both entities received their rights to service the mortgage debt or enforce the DOT only after the debt was in default, they lacked the authority to foreclose on his Property. FAC at 12.

Defendants move to dismiss, arguing that they cannot be liable under these statutes because: (i) they are not "debt collectors" under these statutes; (ii) foreclosure activity is not debt collection under these statutes; and (3) there are no facts alleged to support a claim of improper debt collection.

### A. RFDCPA

The term "debt collector" under the RFDCPA "means any person who, in the ordinary course of business, regularly, on behalf of himself or herself or others, engages in debt collection. The term includes any person who composes and sells, or offers to compose and sell, forms, letters, and other collection media used or intended to be used for debt collection, but does not include an attorney or counselor at law." Cal. Civ. Code § 1788.2(c).

With respect to Christiana Trust, there are three dispositive problems with Mohanna's claim. First, the California legislature has expressly exempted trustees of deeds of trust from liability under the RFDCPA. *See* Cal. Civ. Code. § 2924(b); *see also Ho v. ReconTrust Co., NA*, 840 F.3d 618, 638 n.8 (9th Cir. 2016). Second, even if somehow Mohanna could allege a FDCPA claim against the Christiana Trust based on actions it took as trustee of the DOT, there are no allegations in the FAC that this defendant took any actions to *collect* on Mohanna's defaulted mortgage loan. The only allegations against Christiana Trust is that it took actions to foreclose on the Property (by filing or having filed various public records identified above). Third, taking actions in furtherance of foreclosure is not "collecting a debt" under the RFDCPA. *Rosal v. First Fed. Bank of California*, 671 F. Supp. 2d 1111, 1135 (N.D. Cal. 2009); *see also Reyes v. Wells Fargo Bank, N.A.*, C-10-01667 JCS, 2011 WL 30759, at *19 (N.D. Cal. Jan. 3, 2011) (in order to state a claim under the RFDCPA, there must be allegations of debt collection activity beyond the

scope of the "ordinary foreclosure process"). The only activities that Christiana Trust is alleged to have engaged in are those within the scope of the ordinary foreclosure process and are not actionable under the RFDCPA.

In short, Mohanna has failed to, and cannot, allege a RFDCPA claim against Christiana Trust.

With respect to CMS, as noted above, steps a mortgage servicer takes with respect to foreclosure cannot be debt collection under the RFDCPA but CMS's affirmative efforts to collect on a mortgage debt can be "debt collection" covered by the RFDCPA. *See Guccione v. JPMorgan Chase Bank, N.A.*, 3:14-CV-04587 LB, 2015 WL 1968114, at *14 (N.D. Cal. May 1, 2015) (collecting cases concluding that mortgage servicers can be considered debt collectors when collecting on a mortgage loan). However, there are no allegations in the FAC of what *exactly* CMS did in seeking to collect money on Mohanna's mortgage loan that could have violated the RFDCPA. The only ground alleged is that CMS did not have the "authority" to collect on the debt. But, as noted in denying the TRO and not fixed in the FAC, Mohanna's allegations are not supported by any *facts*.

I recognize that the FAC repeatedly asserts that CMS violated the FDCPA and presumably the RFDCPA by: (i) misrepresenting the status of the debt; (ii) attempting to collect illegal fees and costs not authorized by law or the debt instrument; (iii) misrepresenting the amounts owed for escrow; (iv) mismanaging the escrow account; (v) refusing to correct accounting errors; (vi) declaring the loan in default; (vii) threatening to proceed with foreclosure and recording false documents in aid of that foreclosure; (vii) assessing improper fees in dunning letters, acceleration notices, reinstatement letters, and payoff letters. However, Mohanna alleges no facts as to how CMS did this. For example, how did CMS misrepresent the debt and who were those misrepresentations made to? What unauthorized fees and charges were imposed on Mohanna's account and when were they imposed? What dunning notices were sent and when were they sent? There are absolutely no facts pleaded to state a plausible claim under the RFDCPA. Mohanna simply alleges the substance of what is prohibited under the statutes without providing any facts as to how and when it happened to him. He has failed to allege a claim under the RFDCPA against

7

CMS.

**B. FDCPA**

Under the FDCPA, the term "debt collector" means "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another" but excludes those who seek to collect on a debt "which was not in default at the time it was obtained by such person." 15 U.S.C.A. § 1692a(6)(F).[4]

As the Ninth Circuit explained in *Dowers v. Nationstar Mortg., LLC*, 852 F.3d 964 (9th Cir. 2017), trustees (like Christiana Trust) and mortgage servicers (like CMS) do not generally engage in debt collection covered by the FDCPA when they take steps to enforce a security interest, including demands to make a loan current to avoid foreclosure. *Id*. at 970. However, as the Ninth Circuit noted, the provisions of section 1692f(6) of the FDCPA are broader. Under that section:

> the definition of debt collector under Section 1692f(6) includes a person enforcing a security interest. 15 U.S.C. § 1692a(6). Section 1692f(6) regulates more than just the collection of a money debt. It prohibits:
>
>> [t]aking or threatening to take any nonjudicial action to effect dispossession or disablement of property if—(A) there is no present right to possession of the property claimed as collateral through an enforceable security interest; (B) there is no present intention to take possession of the property; or (C) the property is exempt by law from such dispossession or disablement.

*Id*. at 971 (quoting) 15 U.S.C. § 1692f(6)). Under that provision, allegations that a mortgage servicer "threatened to take non-judicial action to dispossess Plaintiffs of their home without a legal ability to do so" are sufficient to state a claim under that provision of the FDCPA. *Id*.[5]

---

[4] Defendants assert that the definition of debt collector under the RFDCPA is identical to the definition under the FDCPA (Mot. at 4), but that is not the case. *See Guccione v. JPMorgan Chase Bank, N.A*., 3:14-CV-04587 LB, 2015 WL 1968114, at *14 (N.D. Cal. May 1, 2015) (noting that the RFDCPA is broader than the definition under the FDCPA).

[5] I find it highly problematic that defense counsel did not cite to or address the *Dowers* case, even though it is directly relevant and binding authority. Nor did defense counsel address *Ho v.*

8

Mohanna's FDCPA claims against CMS and Christiana Trust, therefore, can only be raised under section 1692f(6). However, such a claim also fails. The only ground on which Mohanna argues that defendants lacked the right to possession and to foreclose is that the debt and servicing rights were transferred to defendants after the debt was in default, allegedly making defendants debt collectors and not creditors. That argument has been rejected by another judge in this District. *See Dejong v. Nationstar Mortg. LLC*, 17-CV-03653-YGR, 2017 WL 3968539, at *3 (N.D. Cal. Sept. 7, 2017) ("Even accepting that the security interests were transferred after plaintiff was already in default and even accepting plaintiff's characterization of defendants as "debt collectors," plaintiff fails to explain why such transfers would be invalid, thereby stripping defendants of their right to possession of the property.").[6] As noted in my Order denying the TRO, there are no facts alleged showing why the assignments at issue (the ADOTs and the other notices filed as part of the foreclosure) were void. Absent such facts, no claim under 1692f(6) can be alleged by Mohanna.

Mohanna's claims under the RFDCPA and the FDCPA, therefore, are dismissed with LEAVE TO AMEND, except for the RFDCPA claim against Christiana Trust, which is dismissed WITH PREJUDICE. If Mohanna, in good faith, can allege facts showing that CMS attempted to collect a debt in ways that violated the RFDCPA, he may do so. Similarly, Mohanna is given leave to amend to state facts showing why defendants lacked the authority to possess or foreclose on the Property under the FDCPA section 1692f(6).

---

*ReconTrust Co., NA*, 840 F.3d 618, 638 n.8 (9th Cir. 2016). Instead, defense counsel relies on outdated and out of circuit authority. That is unacceptable.

[6] While I reject Mohanna's argument as a matter of law, I also reject defendants' challenges to the few facts actually alleged by him, as those challenges have no basis on this motion. For example, as a ground to exclude Christiana Trust from the definition of a "debt collector" under the FDCPA, defendants assert that Christiana Trust acquired its interest in the loan "long before" the loan went into default, but cites nothing from the FAC or the public record to support that assertion. Mot. at 4. While it is true "that assignments of debt, as opposed to assignments of the security interest incident to the debt, are commonly not recorded," *Fontenot v. Wells Fargo Bank, N.A*., 198 Cal. App. 4th 256, 272 (Cal. App. 1st Dist. 2011), *disapproved of on other grounds by Yvanova v. New Cent. Mortg. Corp*., 62 Cal. 4th 919 (2016), Mohanna alleges repeatedly his debt was in default before any interest was acquired by the Christiana Trust.

9

## II. VIOLATION OF CALIFORNIA CIVIL CODE § 2924.17 AND 2924(A)(6)

California Civil Code section 2924.17, part of California's Homeowner Bill of Rights (HBOR), provides that a declaration recorded in connection with a "notice of default, notice of sale, assignment of a deed of trust, or substitution of trustee recorded by or on behalf of a mortgage servicer in connection with a foreclosure" "shall be accurate and complete and supported by competent and reliable evidence." Cal. Civil Code § 2924.17(a). In addition, that section requires that "a mortgage servicer shall ensure that it has reviewed competent and reliable evidence to substantiate the borrower's default and the right to foreclose, including the borrower's loan status and loan information." *Id*., § 2924.17(b).

California Civil Code section 2924(a)(6) provides:

> No entity shall record or cause a notice of default to be recorded or otherwise initiate the foreclosure process unless it is the holder of the beneficial interest under the mortgage or deed of trust, the original trustee or the substituted trustee under the deed of trust, or the designated agent of the holder of the beneficial interest. No agent of the holder of the beneficial interest under the mortgage or deed of trust, original trustee or substituted trustee under the deed of trust may record a notice of default or otherwise commence the foreclosure process except when acting within the scope of authority designated by the holder of the beneficial interest

Cal. Civ. Code § 2924(a)(6).

Mohanna argues that defendants violated these provisions because: (i) defendants are not "'creditors' with the power to enforce the power of sale" in the DOT; (ii) the ADOTS, NOD, and NOTS defendants recorded were not "truthful"; (iii) defendants have "failed to provide competent and relevant documentation to support their authorization to proceed with a nonjudicial" foreclosure action. FAC at 22 -23. As an initial matter, it is not defendants' burden to affirmatively prove they were authorized to proceed with foreclosure but *plaintiff's burden* to plead specific facts that plausibly support his theory. Mohanna wholly fails to plead any facts to show why defendants lacked authorization to take the steps they took to foreclose on the Property. He also failed to identify where and why the various recorded documents were not "truthful" and were otherwise invalid. His FAC states no facts, only conclusory assertions that are insufficient to state a claim.

In his Opposition, Mohanna relies only on the argument that as "debt collectors" the

defendants had no authority to issue and record the ADOTs, NOD, NOTS, and other assignment and foreclosure related documents. Oppo. at 11. As noted, that CMS or Christiana Trust may be considered a debt collector in specific instances under the FDCPA section 1692f(6) or that CMS may be a debt collector under the RFDCPA (Christiana Trust is not) does not render these notices false or untruthful. No other facts have been alleged to explain why these defendants did not have the authority to do what they did.

Mohanna's HBOR claims are DISMISSED with leave to amend.

In addition, defendants argue that Mohanna lacks standing to assert claims under the HBOR provisions he relies on because individuals are only protected under HBOR when: (i) they are borrowers who have not surrendered the property at issue (Cal. Civ. Code § 2920.5(2)(A)[7]; and (ii) they are owner occupiers of the property. Cal. Civ. Code § 2924.15.[8] Defendants rely on public records and Mohanna's own admission to argue that he does not possess the Property (other entities have ownership under recorded grant deeds) and that he lives in Unit 6, not Unit 5. Mot at 2-3, 7; RJN Exs. 5-8.

Mohanna does not address these issues in his Opposition. He should do so in his amended complaint, if he chooses to amend. Specifically, Mohanna must plead that he was in possession of and lived in the Property (Unit #5) as of the date he filed this action and disclose whether he continues to possess and reside in the unit at issue.[9]

---

[7] Cal. Civ. Code § 2920.5(2)(A): "(2) For purposes of the sections listed in paragraph (1), 'borrower' shall not include any of the following: (A) An individual who has surrendered the secured property as evidenced by either a letter confirming the surrender or delivery of the keys to the property to the mortgagee, trustee, beneficiary, or authorized agent."

[8] Cal. Civ. Code Ann. § 2924.15(a): "Unless otherwise provided, Sections 2923.5, 2923.7, and 2924.11 shall apply only to first lien mortgages or deeds of trust that are secured by owner-occupied residential real property containing no more than four dwelling units. For these purposes, 'owner-occupied' means that the property is the principal residence of the borrower and is security for a loan made for personal, family, or household purposes."

[9] I note that in a June 6, 2018 declaration from Mohanna, submitted in support of his Opposition, Mohanna admits that he "deeded in lieu of foreclosure, the entire building" and that he retains "zero" financial/beneficial interest or role/control with respect to the Property as of May 23, 2017. "Brief History" signed by Keyhan Mohanna (Dkt. No. 24 at ECF pgs. 64-67) ¶¶ 20, 23.

### III. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

The elements of the tort of intentional infliction of emotional distress ("IIED") are: (i) "extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress"; (ii) the plaintiff "suffering severe or extreme emotional distress"; and (iii) "actual and proximate causation of the emotional distress by the defendant's outrageous conduct[.]" *Christensen v. Superior Court*, 54 Cal. 3d 868, 903 (1991). For a defendant's actions to be "outrageous," its actions must be "so extreme as to exceed all bounds of that usually tolerated in a civilized community." *Id*.

Mere attempts to collect on a debt or foreclose on a property do not constitute IIED. "[C]ourts have recognized that the attempted collection of a debt by its very nature often causes the debtor to suffer emotional distress." *Ross v. Creel Printing & Publ'g Co.*, 100 Cal. App. 4th 736, 745 (2002). "Such conduct is only outrageous if it goes beyond all reasonable bounds of decency." *Id*. (internal quotation marks omitted); *accord Arias v. Capital One, N.A.*, No. 10-cv-01123-MHP, 2011 WL 835610, at *5 (N.D. Cal. Mar. 4, 2011); *Reynoso v. Paul Fin., LLC*, No. 09-cv-03225-SC, 2009 WL 3833298, at *11-12 (N.D. Cal. Nov. 16, 2009); *but see Ragland v. U.S. Bank National Association*, 209 Cal. App. 4th 182, 205 (Cal. Ct. App. 2012) (allegations that defendant-lender induced plaintiff to miss mortgage payment, refused to accept payments, and then proceeded to foreclose were, if proven, "so extreme as to exceed all bounds of decency in our society.").

Simply moving to foreclose, by itself, cannot constitute IIED. Instead, to state a claim for IIED, Mohanna must allege facts showing that defendants engaged in conduct exceeding all "reasonable bounds of decency." He alleges only that it is "extreme and outrageous" for defendants to attempt to collect a debt and attempt to enforce the power of sale where they, according to him, lack the power to do so and did so only to "shame Plaintiff and force him into paying the debt." FAC at 24. As noted above, there is no factual basis alleged to support that allegation or suggest its plausibility. Mohanna's IIED claim is DISMISED with LEAVE TO AMEND.

## IV. VIOLATION OF SECTION 17200 AND RELATED REQUEST FOR INJUNCTIVE RELIEF

The UCL prohibits "any unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. The statute effectively borrows violations of others laws and treats them as independently actionable. *See Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel*. Co., 20 Cal. 4th 163, 180 (1999). Because Mohanna's unlawful UCL claim is derivative of his prior allegations, and I have dismissed all other claims that may serve as predicate violations, his unlawful claim cannot survive. *See Pantoja v. Countrywide Home Loans, Inc*., 640 F. Supp. 2d 1177, 1190 (N.D. Cal. 2009) (dismissing the UCL unlawful claim because the court had dismissed all of the predicate violations).

Also, because I have found that he has not alleged facts to plausibly show that defendants engaged in fraudulent or unfair conduct, his unfair and fraudulent claims must likewise be dismissed. His UCL claims are DISMISSED with LEAVE TO AMEND.

## CONCLUSION

Defendants' motion to dismiss is GRANTED. If Mohanna in good faith can allege facts to support any of his claims (except the RFDCPA claim dismissed with prejudice at to Christiana Trust), he may file a Second Amended Complaint on or before **August 27, 2018**.

**IT IS SO ORDERED.**

Dated: August 6, 2018

William H. Orrick
United States District Judge