UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEYHAN MOHANNA,<br><br>   Plaintiff,<br><br>   v.<br><br>CARRINGTON MORTGAGE SERVICES LLC, et al.,<br><br>   Defendants. | Case No. 18-cv-02563-WHO<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 36 |

## INTRODUCTION

This is the third time I have addressed plaintiff Keyhan Mohanna's claims concerning the foreclosure of his condominium. In my order denying his request for a temporary restraining order, I explained that his complaint provided no facts or reasons to support his claims that any of the deeds of trust were defective or why defendants lacked legal authority to foreclose on his Property. Order Denying TRO at 3-4 [Dkt. No. 10]. In my order dismissing his first amended complaint, I pointed out that to state a claim he would need to state facts related to, among other things, how his debt was misrepresented, who the misrepresentations were made to, and what unauthorized fees and charges were imposed on his account. Order Dismissing FAC at 7-11 [Dkt. No. 33]. My order also stated that in order to state a claim for intentional infliction of emotional distress, Mohanna would have to allege facts beyond simply being foreclosed upon. *Id.* at 12. Mohanna fixed none of those deficiencies in the Second Amended Complaint ("SAC") and instead relied on documents that clearly have no relevance to the loan in question. There is no need for oral argument in this matter. This case has no merit and it is dismissed with prejudice.

## BACKGROUND AND REQUESTS FOR JUDICIAL NOTICE

On May 1, 2018, plaintiff Keyhan Mohanna, individually and as the trustee of the Keyhan

Mohanna Revocable Trust Dated July 8, 2003, filed suit against defendants Carrington Mortgage Services, LLC ("CMS") and the Christiana Trust, who have allegedly attempted to collect debts (the "Subject Loan") and foreclose on a Deed of Trust ("DOT") secured by plaintiff's condominium ("Property") without authority.[1] Mohanna alleged that CMS and Christiana Trust were attempting to collect on the "consumer" loan he originally took from Countrywide Bank for personal and familial reasons that was secured by the Property. First Amended Complaint ("FAC") at 4-7. [Dkt. No. 20]. He brought claims pursuant to (i) the California Rosenthal Fair Debt Collection Practices Act (RFDCPA); (ii) the Federal Fair Debt Collection Practices Act (FDCPA); (iii) California Civil Code section 2924.17 (Homeowners Bill of Rights, HBOR); (iv) intentional infliction of emotional distress (IIED); and (v) violation of California's Unfair Business Practices Act, Cal. Bus. & Prof. Code § 17200 (UCL). Defendants moved to dismiss Mohanna's FAC. [Dkt. No. 15].

On August 6, 2018, I granted defendants' motion to dismiss. [Dkt. No. 33]. Mohanna was given leave to amend all his claims, except for his RFDCPA claim against the Christiana Trust, as it was dismissed with prejudice. My order instructed him that to survive dismissal in the future, he would need to plead facts[2] rather than simply allege the substance of what is prohibited under the statutes cited. I also explained that to have standing to state an HBOR claim, he must allege that he is an owner occupier of the Property.

On August 28, 2018, Mohanna filed the SAC. [Dkt. No. 35]. The allegations in the SAC are substantially the same as those in the FAC with the exception that Mohanna now alleges that the Subject Loan was extinguished by the National Mortgage Settlement Extinguishment Program. *See e.g.* SAC 3, 6, 8, 9. In support of his claim, Mohanna attaches a Withdrawal of Proof of Claim from a separate bankruptcy proceeding in the United States Bankruptcy Court for the Northern District of California. Exhibit A to the SAC [Dkt. No. 35]. Mohanna also brings his RFDCPA

---

[1] The specific Property at issue is a condominium unit located at 1405 Greenwich Street, Unit #5, San Francisco, California.

[2] Mohanna was also instructed that he must plead facts in my order denying his request for a temporary restraining order. [Dkt. No. 10].

1    claim against Christiana Trust again, despite it being dismissed with prejudice in my previous
2    order.
3         Defendants move to dismiss the SAC. [Dkt. No. 36]. They argue that the extinguished
4    loan is an entirely different debt than the Subject Loan requesting that I take judicial notice of
5    various public records that have been recorded by the United States Bankruptcy Court for the
6    Northern District of California and the City and County of San Francisco with respect to the
7    Property. Request for Judicial Notice ("RJN") [Dkt. No. 37]. Those documents include: (i) the
8    DOT on the Property; (ii) an ADOT recorded April 2014 transferring the benefit of the DOT to
9    Christiana Trust; (iii) a March 2017 mechanic's lien assessed against the Property; (iv) a May
10   2017 assignment of the lien claim; (v) a May 2017 deed in lieu of foreclosure; (vi) a July 2017
11   grant deed; (vii) a Notice of Default recorded in December 2017; (viii) a grant deed recorded in
12   February 2018; and (xi) Proof of Claim No. 19, filed on January 5, 2011, in the United States
13   Bankruptcy Court in and for the Northern District of California, Case No. 10-30701, *In re Keyhan
14   Mohanna*. Mohanna objects to my taking judicial notice of these documents as he "disputes" their
15   contents. Oppo.to RJN [Dkt. No. 41].
16         The RJN is granted. While plaintiff may retain some unspecified dispute as to the
17   "contents" of some of these public records, they are public records whose authenticity is capable
18   of accurate and ready determination by sources whose accuracy cannot reasonably be questioned
19   and, therefore, are appropriate for judicial notice. *See Wolf v. Wells Fargo Bank, N.A.*, No. C 11-
20   01337 WHA, 2011 WL 4831208, at *2 (N.D. Cal. Oct. 12, 2011); *see also Galvez v. Wells Fargo
21   Bank, N.A.*, 17-CV-06003-JSC, , at *1 (N.D. Cal. June 7, 2018) ("Courts in this District regularly
22   take judicial notice of publicly recorded documents related to real property, including deeds of
23   trust, assignments and substitutions thereto, trustee's deeds upon sale, rescissions of notices of
24   default, and elections to sell under a deed of trust."); *Rosal v. First Fed. Bank of California*, 671 F.
25   Supp. 2d 1111, 1120 (N.D. Cal. 2009) (taking judicial notice of bankruptcy court filings).
26         Mohanna also requests that I take judicial notice of several legal decisions he believes
27   support his SAC. [Dkt. No. 40]. His request is granted.
28

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when the plaintiff pleads facts that "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). There must be "more than a sheer possibility that a defendant has acted unlawfully." *Id*. While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 570.

In deciding whether the plaintiff has stated a claim upon which relief can be granted, the court accepts the plaintiff's allegations as true and draws all reasonable inferences in favor of the plaintiff. *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

If the court dismisses the complaint, it "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). In making this determination, the court should consider factors such as "the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of the proposed amendment." *Moore v. Kayport Package Express*, 885 F.2d 531, 538 (9th Cir. 1989).

**DISCUSSION**

**I. THE FORGIVEN LOAN**

Defendants argue that the loan Mohanna alleges was extinguished by the National Mortgage Settlement Extinguishment Program is an entirely separate from the Subject Loan that is the basis of defendants' allegedly illegal foreclosure efforts. Mot. 3. More precisely, defendants

contend that the withdrawal of proof claim put forth by Mohanna applies to a second position Home Equity Line of Credit secured by an entirely different Deed of Trust not at issue in this lawsuit. *Id.*

Mohanna attaches a withdrawal of proof of claim for Claim No. 19 in a separate bankruptcy proceeding. Ex. A to SAC [Dkt. No. 35]. It states:

> Bank of America, N.A., successor to BAC Home Loans Servicing, LP FKA Countrywide Home Loans Servicing, LP, Secured Creditor and holder of a lien on the property described as 1405 Greenwich Street, Unit 5, San Francisco, California 94109 withdraws its Proof of Claim No. 19, filed on January 5, 2011, as the subject debt has been forgiven pursuant to the National Mortgage Settlement Extinguishment Program.

*Id.* In opposition, defendants offer the proof of claim itself, which is for a home equity line of credit in the amount of $68,000 and dated June 24, 2005. RJN Ex. 9 at 6, 13. The proof of claim contains a deed of trust also dated June 24, 2005. RJN Ex. 9 at 26.

The Subject Loan deed of trust, which is the basis of defendants' foreclosure efforts, is for $680,000 and is dated May 23, 2005. RJN Ex. 1. Mohanna's attached evidence does not support his claim that the Subject Loan was extinguished. These are clearly two different loans. In his opposition, Mohanna argues otherwise only in a wholly conclusory fashion. Opposition 1-2 [Dkt. No. 39]. The other documents Mohanna attaches under Exhibit 1 to his SAC either involve loans which have been paid in full, rather than extinguished, or loans related to other units in the 1405 Greenwich Street building, but not the subject Property, Unit 5. *See e.g.* RJN Ex. 1. These documents do not otherwise support Mohanna's claim that the Subject Loan has been extinguished under the National Mortgage Settlement Extinguishment Program.

I find that the weight of the evidence overwhelmingly shows that the extinguished loan and the Subject Loan are two separate instruments. The extinguished loan is not relevant to the present suit and cannot form the basis of any of Mohanna's claims.

**II. HAS MOHANNA CURED THE DEFICIENCIES OF HIS FIRST AMENDED COMPLAINT?**

I have twice instructed Mohanna that he must allege additional facts to support his claims. In my order denying the TRO, I told Mohanna that his complaint provided no facts or reasons to

5

support his claims that any of the ADOTS were defective or why defendants lacked legal authority to foreclose on his Property. Order Denying TRO at 3-4 [Dkt. No. 10]. In my order dismissing the FAC, I explained that to state a claim under the RFDCPA, FDCPA, or HBOR, he would need to state facts related to, among other things, how CMS misrepresented the debt, who it made misrepresentations to, and what unauthorized fees and charges were imposed on Mohanna's account. Order Dismissing FAC at 7-11 [Dkt. No. 33]. My order also stated that in order to state a claim for intentional infliction of emotional distress, Mohanna would have to allege facts beyond simply being foreclosed upon. *Id.* at 12.

As it appears that the Subject Loan has not been extinguished and he has otherwise failed to allege any additional facts to support his claims, Mohanna has failed to cure the deficiencies of his previous complaints as identified in my detailed order granting defendants' motion to dismiss the FAC and my order denying Mohanna's request for a temporary restraining order. For the same reasons that I have articulated previously, he has failed to allege sufficient facts to allow any of his claims to survive dismissal and I grant defendants' motion to dismiss.

Further, Mohanna again brings a RFDCPA claim against Christiana Trust again even though I dismissed it with prejudice in my previous order. A claim that has been dismissed with prejudice may not be refiled in the same district court. *Semtek International, Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 506–07 (2001).

## CONCLUSION

Mohanna has twice been instructed that he must plead facts to support his claims, and he has failed to do so for the third time. Defendants' motion to dismiss is granted. As I find that Mohanna does not appear able to allege any additional facts to save his claims, and that further amendment would be futile, Mohanna's second amended complaint is dismissed with prejudice.

**IT IS SO ORDERED.**

Dated: November 1, 2018

William H. Orrick
United States District Judge